IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Larry Froistad, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Nos. 1:11-cv-85 |
| ) | 1:11-cr-57 |
| Robyn Schmalenberger, Warden, North ) | |
| Dakota State Penitentiary, Eddie Wilson, ) | |
| Warden, Wyoming State Penitentiary, ) | |
| Federal Bureau of Prisons, ) | |
| ) | **ORDER DISMISSING PETITION** |
| Respondent. ) | |

Before the Court is Larry Froistad's petition for habeas relief filed pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition is dismissed.

I.   BACKGROUND

In 1998 Froistad pled guilty in state court in North Dakota to murdering his daughter. He was sentenced to 40 years imprisonment with 10 years suspended. No direct appeal was taken. Froistad filed a motion for post-conviction relief in 2000 which was denied. The North Dakota Supreme Court affirmed the denial of that motion in 2002. See Froistad v. State, 641 N.W.2d 86 (N.D. 2002).

Also in 1998, Froistad pled guilty in this court to one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(c) and (d). He was sentenced to 188 months imprisonment with 68 months to be served concurrently with his state sentence and 120 months to be served consecutively. No direct appeal was taken.

Froistad is serving his state sentence at the Wyoming State Penitentiary in Rawling, Wyoming. He initiated the above-entitled action on October 19, 2011, by lodging a pro se petition for habeas corpus relief

pursuant to 28 U.S.C. § 2241. Froistad contends that newly discovered evidence will prove that his five-year-old daughter's image was not, as alleged, among the approximately 200 pornographic images and videos discovered on his home computer in 1998.

## II.     DISCUSSION

A judge considering an application for a writ of habeas corpus must either award the writ or issue an order directing the respondent to respond to the application unless it appears from the application that the petitioner is not entitled to the writ. 28 U.S.C. § 2243. In this case, it plainly appears from the application that the court lacks jurisdiction and thus the writ should not be issued.

Generally, claims challenging the execution or manner in which a sentence is served must be made by petition pursuant to 28 U.S.C. § 2241. Claims asserted by a federal prisoner challenging the legality of his sentence must be made by motion under 28 U.S.C. § 2255. See Rumsfeld v. Padilla, 542 U.S. 426, 434-47 (2004). A § 2241 petition must be filed in the district where the prisoner is confined while a § 2255 motion should be filed in the district that imposed the sentence. United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987). Claims asserted by a state prisoner challenging the constitutionality of his custody must be made pursuant to 28 U.S.C. § 2254. Froistad was sentenced by this court but is confined in Wyoming where he is serving his North Dakota state court murder sentence.

Froistad makes no argument as to the execution of his sentence. Rather, Froistad's argument is a challenge to the legality of his sentence. It should have been made under § 2255 rather than § 2241. Froistad has chosen the wrong procedural vehicle for his argument, a procedural vehicle over which the this court lacks jurisdiction. Hutchings, 835 F.2d at 187. This lack of jurisdiction warrants dismissal.

If Froistad has claims concerning the execution of his sentence that are actionable under § 2241, he may submit such a petition to the United States District Court in Wyoming with jurisdiction over the

prison where he is currently housed. If Froistad wishes to pursue his current argument in this Court he must do so pursuant to § 2255. If Froistad wishes to challenge his state murder conviction he must do so pursuant to § 2254. Froistad may not challenge his state and federal convictions in the same filing as a § 2255 motion is a proceeding within the original criminal case and a § 2254 petition is an entirely new and independent civil suit.

### III.     CONCLUSION

Because the Court does not have jurisdiction over a § 2241 petition it is **HEREBY ORDERED** that:

1. Froistad's petition is **DISMISSED** without prejudice.

2. The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3. Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.

4. If the petitioner desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 4th day of November, 2011.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court